The next case today is United States v. Nelson Alexander Fuentes-Lopez, appeal number 20-1188. Attorney DeMasso, please introduce yourself for the record and proceed with your argument. Good morning and may it please the court. I'm Chrissy DeMasso. I represent Nelson Alexander Fuentes-Lopez. I'd like to reserve one minute for rebuttal. Yes, you may have it. Thank you. The government's only evidence in this case that Mr. Fuentes-Lopez was removed from the United States was the portion of the DHS form I-296 entitled verification of removal. The agent who signed this portion of the form was unavailable to testify and the government presented no other testimony or evidence about what this section of the form meant or about what this agent may have seen or done or known before signing and stamping it. The agent who determined that Mr. Fuentes-Lopez was deportable finished his part of the paperwork on July 15th, 2014 in Kingsville, Texas. He testified that after he completed his paperwork, he was done. He speculated that perhaps he believed that people went on to another deportation center after he completed his paperwork, but he did not know. The verification of removal section of the form is then dated three days later on July 18th and it lists the port of departure as Brownsville, Texas. There's no information in the record about what happened in the interim. The records keeper who testified authenticated that this portion of the form came out of the A file, but he told the court that he was a support person, not an agent, and that it would be out of his realm to talk about what the form really meant. This section of the form standing alone does not prove beyond a reasonable doubt that Mr. Fuentes-Lopez was physically removed from the United States in 2014. It simply requires too many inferences to support this verdict on this record. The government cites in support of its case and it focuses on a sentence in Lopez that says a properly authenticated verification of removal is legally sufficient to support a finding of physical removal beyond a reasonable doubt. However, when you dig deeper into Lopez and the other Ninth Circuit cases, it becomes clear that the Ninth Circuit never confronted a case like this, a trial where the sole evidence of removal was a verification of removal form with no other information or evidence to contextualize it or explain it. For example, in Lopez, which was a question about whether or not the verification of removal was testimonial and admissible under the hearsay rules. In that case, it was not just the verification of removal form. The agent who ordered deportation in that case, although a small portion of his testimony was deemed inadmissible as opinion, he also gave more lengthy testimony about what generally happened when people were deported. He talked about the fingerprint being put on the form as someone got off a bus and about the person being detained being walked across the border. There was also testimony from the AFILE custodian that gave what the Ninth Circuit called a framework for the jury to understand the verification of removal form. The three cases that Lopez cites similarly do not confront the issue in this case. It is important also that those three cases deal with warrants of removal, which are different from verifications of removal in one key respect for this case. Warrants of removal, which are not involved here, permit the agent to sign either that they witnessed someone being removed or that they are verifying someone's removal. Our form does not have the language about witnessing someone's removal. The language about witnessing someone's removal might perhaps have allowed an inference. Why is that so counseled? The witnessing language is in the alternative in those cases. There's nothing to suggest that anyone in those cases actually witnessed what happened. The way that those cases are written, it appears that it was a choice. They could say witnessed, or they could say... In each of those cases, there's also additional evidence. It's not your additional evidence point. I just don't grasp how this alternative in the warrant meaningfully distinguishes the warrant from the verification of removal. I think where there's no language about witnessing in the verification of removal, it does not permit an inference that there was witnessing. Perhaps if we were confronted with a warrant of removal, it would be a different case. I'm simply saying that in the verification of removal where it does not allow... It does not have the word witnessing in any respect. The same inference could not even possibly be made with respect to the verification of removal. Ms. DeMesa, I've got a couple of questions for you. The verification of removal form is considered a business record or a public record, and a witness was put on saying it was kept in the regular course of business and was found in this person's A file. You say, well, that wasn't enough because he didn't testify as to what the forms mean, but I don't think that that's a requirement for authenticating a public record kept in the ordinary course. What's your argument on that? It may not be required for authenticating a document, but when it comes to sufficiency, this form alone, this little piece of the form alone is not enough. Doesn't Lopez say it is enough, and why shouldn't it be enough? Initially, Lopez has this sentence which comes out of Ninth Circuit cases, none of which confront a case like this. Would you answer the question? You may want to distinguish Lopez, but aren't you arguing we need to reject Lopez on that point? To the extent that this court decides that Lopez made that a holding, yes. Here's my next question. When we look at the nature of the objections that was made, I don't believe the topic we're discussing was an objection that was made. I believe the objection was that the missing agent who was in the hospital at the time was inherently unreliable because many years before in his youth, he had been picked up on some criminal charges. And that was the limit to the objection that was made. Am I correct about that? There were two separate arguments here. The first is a sufficiency argument, and there was a Rule 29 motion made and preserved below. And then separately from that, I'm talking about the objection that was made, which was we want to be able to cross examine this witness because we think he is unreliable. And therefore, we can attack the form for that reason. Wasn't that the evidence objection that was made? So the evidence objection that was made was that this piece of the form should never have been admitted. It was not because it's not authenticated. It was because we think we should have a chance to cross examine this agent on this point, and he wasn't made available. So the cross examining the agent sort of comes up as a second tier question. All right. We'll look at the records. Sorry to have interrupted you. Here's what my trouble is. My trouble is that I sense some bootstrapping here. The whole purpose of the business records or public records exception is if a document qualifies under either of those exceptions, the usual bar or prohibition against hearsay dissolves, and the document itself can be proof of the facts that are shown by the face of the document. So this document, if it's properly admitted, is itself proof of verification. Now, it seems to me your objection to the admission of this document has got to be in one form or another that it does not qualify either under 8036 or 8038 as a business record or a public record. And like Judge Lynch, the only thing I can find in the record that indicates that you made that argument was your argument that it shouldn't qualify because each of those rules has a requirement that the document be shown to be trustworthy or not to be shown to be unreliable, however the exact language is. And that wasn't met because of Cepeda's personal history here. What other objection did you make that 8036 or 8038 wasn't satisfied by the proffer of this document? Your Honor, you've properly encapsulated our 8036 and 8038 arguments. However, we have an additional sufficiency argument that even accepting the verification of removal in evidence, that the evidence was insufficient to prove removal and going to- Time has expired. Finish your answer. Thank you. Your question about, I'm sorry, I've lost my train of thought. Your question about whether the record can be deemed to prove what it says on its face, the question really is what does this small portion, just the little one inch portion verification of removal, what does it actually say about what happened? And it's important to what could the jury who don't have the court's background, the lawyer's background with immigration law have inferred about your document? Thank you. Thank you. Okay. Thank you, counsel. You can mute your device at this time. Attorney Aframe, please introduce yourself on the record. Good morning. Seth Aframe for the United States. I'm turning to the Rule 29 issue. The document was certainly admitted into evidence. So the admitted document was sufficient for the jury to rely on what it said to meet the element that the defendant had been previously removed. It was testimony from the officer who decided at the board that this person should be removed. And then he said, once that decision is made, typically the person is removed three days later. That officer filled out the top of the form in which he provided certain warnings to the defendant about how he could reapply for admission five years later. And then the bottom of the form is entitled verification of removal. It's dated three days later from a different location in Texas. And it is signed, but it says that how removal took place by Air Ops and that it's signed by a verifying officer, Officer Cepeda. Verifying means to attest to the truthfulness of anyone reading that document and understanding the background that this person was about to be removed. And three days later, this document was filled out. Understand that the purpose of the document is to prove that the removal had happened. In fact, it's the best evidence of this because even if Cepeda testified, the odds that he would remember the removal of a particular individual when his job is to remove people every day seem remote, which is really why we have this rule because documents like this are inherently reliable for what they say. Let me put to one side for a minute the issue of preservation forfeiture waiver, just what was made below. Just for 803 purposes as to whether this was properly admitted, isn't there a little glitch here in terms of there's no testimony that the person who filled out that form is a person with knowledge as required under subsection 6A? Well, when he signs that he is the verifying officer under a line that says verifying officer, that would I think mean that he has knowledge as to he verified the removal. So you're using the document, you're using the document itself to establish one of the bases for admitting, for turning what is otherwise hearsay into non-hearsay or exception? Usually wouldn't we have here someone would say, here's this form, this is who fills out this section, and then the verification section is filled out by the person who, and they explain in one or two sentences why that person who filled out the verification is someone who had knowledge. I don't think you just say that, well, every form is filled out by someone who has knowledge because look, there's signatures on the form. Well, that argument was certainly not made below at all. And so the only argument about admissibility was the other. I would think that where the document is explained as it's to its purpose, there is an officer who signed the first part of the form and says, this is generally what this form is, and then it's signed by an officer. I'm not sure that you need an officer who knows, you know, an absent declarant is contemplated. So the suggestion, I guess, is that then there needs to be another officer who knows that Officer Cepeda exists as a human being, works for the Department of Homeland Security, and his job is to sign these forms. Because we know that, I mean, there was no dispute he works for, there was no dispute to any of those facts that I'm aware of, which is why there was no objection. He was unavailable at the last minute because he was in a coma, and none of this was raised. So I don't want to take a firm position on that, but I would think that in light of his title, the stamp that was put on it, looking at that document, it has all of the indicia. We had one of the agents who signed it testify, all of the indicia that this document is what it purports to be was there. It is a matter conducted by the office while under a legal duty. So I would think it does meet the standard, but that argument was not raised. So the only question is whether the document properly admitted is which is that an officer verified that he was removed from Brownsville on that date. Do you read the appellant's brief as having raised that argument triggering plain error review? Well, I did not read it that way. I read them as making two arguments. I read them as making insufficient evidence because there needed to be more background testimony so that the jury could make sense of the form. Five minutes remaining. And that the evidence should have been excluded because there's a trustworthiness problem with Officer Cepeda, and that that argument and that the judge should have excluded it on that basis because of the prior criminal activity or the prior arrests. So no, I didn't, at least I didn't understand that to be raised in the brief. Oh, man, I missed it. But I didn't see that as the... Mr. Alfred, I take it that you think on the facts here as there was no dispute about the non-testifying officer working for the government as a border patrol agent, that his responsibilities included signing verification forms, that under those circumstances there is no Rule 8036 issue before the court. But suppose hypothetically there was a dispute about those issues. Do you think the verification form itself is a sufficient answer to Judge I guess it would depend on how much evidence is in the record about the form. So I guess if the dispute was raised that we don't think Officer Cepeda is a government employee and he forged the document and there was some evidence because that goes to me the trustworthiness of the trustworthiness. So if there was some evidence that called into question those basic things like does he work for the government, is this his job or is this some imposter, then I guess if there was some evidence of that effect, the government would have to meet it. But I think that as a matter of does it need to be admitted if no one's saying anything to the contrary and no evidence to the contrary and it's a form kept in the normal course found in the file signed by an officer who puts his stamp on it, then I think no, I think it's admissible. Okay, let me just follow that up. We do have testimony from the officer who ordered removal that this is the form. It's filled out. It's kept in the regular course of business. And Judge Kayada's question suggests that the form at that point should be divided into two parts. The first part being plainly admissible, but this second part that has to do with the verification of the removal, perhaps raising a question at least if the defendant raises issues about it. I haven't looked at public records law on this point, and perhaps you haven't either, but I just thought you might know the answer to that. So I don't know specifically. I would say that you can certainly have documents that have parts that meet the hearsay exception and parts that don't. I'm not familiar with that. So you can definitely parse a document and say no, that part's going to be redacted because it's hearsay while the other part is not. So as a general rule, I know that that's the case. I don't know specifically if some other rule applies in public records. I wouldn't think it does, to be perfectly honest with you. But then it's a matter of a request for redaction and the defendant has the burden of going forward. Yes, I would think so. If there are other questions, I'm happy to answer them. Otherwise, I'm happy to rely on the brief. Thank you. No questions here. Thank you. Thank you, Attorney Aframe. At this time, you can mute your device. And Attorney DeMaso, you have a one-minute rebuttal. Please reintroduce yourself on the record. Thank you. Chrissy DeMaso for Nelson Alexander Fuentes Lopez. I'd like to start with the question about whether the document was made by a person with knowledge. There was no argument specifically raised about that below. There's no freestanding argument about it, but I do think that there are two ways in which that question is really relevant to each of the arguments that were raised. I think it's relevant to the Rule 29 argument in the sense that what could the jury have inferred about this document based solely on seeing that little bar? And similarly, with respect to the hearsay argument that the document was insufficiently reliable to be admissible under 803.6 or 8, the question about the defense made showing about unreliability based on the prior criminal record. And the question about whether that's enough is related to what the government has shown when proffering the document. And here, where they showed very little, almost nothing about how this piece, this tiny line of the document was created, what the person saw, thought, knew, it's part of the context that goes into the decision that shows why the district court in this case abused its discretion by the prior criminal history. Time has expired. Thank you, Ms. DeMaso. Thank you. Attorney DeMaso and Attorney Afram, you should disconnect from the hearing at this time. Thank you. That concludes this argument in this case.